Gerald WERTH, Plaintiff–Appellant,

v.

Lawrence MUDDY, Deputy, et al., Defendants–Appellees.

No. 02–2133.

United States Court of Appeals, Sixth Circuit.

July 9, 2003.

270

Before BOGGS and GILMAN, Circuit Judges; and MARBLEY, District Judge.*

### ORDER

Gerald Werth appeals from a district court judgment for defendants entered following a bench trial in this civil rights action filed under 42 U.S.C. § 1983. He also moves for the appointment of counsel on appeal. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Werth filed his complaint in the district court alleging that defendant deputy jailer Muddy punched him, causing a gash on his forehead that required six stitches to close, during an altercation while Muddy was escorting Werth to an isolation cell in the Genesee County Jail in 1999. Werth also alleged that videotape evidence of part of the confrontation was altered to delete images of the punch. Werth named as defendants Muddy and other officials of the Genesee County Sheriff's Department, and sought a total of $600,000 money damages. The district court granted defendants' motions for summary judgment, except with respect to defendant Muddy.

Thereafter, the magistrate judge granted Werth's request to compel defendant Muddy to produce the original videotape evidence to the court for in camera review, and ordered Werth to submit his copy of the videotape as well. The parties submitted videotapes as directed, and Werth moved for production of the original videotape to him for review, and for the appointment of an expert to review the videotape. The magistrate judge reviewed the videotape evidence, concluded that "there is nothing to suggest that plaintiff's copy of the videotape has been altered or edited in any way," and denied Werth's motion to produce the original videotape.

Ultimately, the case proceeded to a bench trial on August 26, 2002. Following trial, the district court made findings of fact, conclusions of law, and entered judgment for defendant Muddy. The district

---

* The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio sitting by designation.

court denied a subsequent motion for a new trial, and Werth filed a timely notice of appeal.

On appeal, Werth asserts that the district court erred when it: (1) failed to provide him access to videotape evidence, which Werth continues to assert was altered, and (2) denied him an expert witness to examine the videotape evidence. Defendant Muddy responds that Werth's claims on appeal lack merit. Upon consideration, we will deny the motion for counsel, and affirm the judgment because plaintiff's claims on appeal lack merit.

■ First, plaintiff's contention that the district court erred in denying him an opportunity to view certain of the defendant's videotape evidence admitted into evidence at trial is belied by the record. As noted by defendant, the record reflects that the court agreed to view the videotape when it was introduced into evidence at trial, then revisit the matter during a recess if plaintiff then wanted to review sections of the videotape. As also noted by defendant, the record reflects plaintiff admitted during his testimony at trial that he did view the entire relevant videotape prior to trial. Under these circumstances, plaintiff's contention that the district court erred in denying him an opportunity to view the videotape evidence lacks merit.

■ Second, plaintiff's claim that the district court improperly denied him an expert witness to examine the videotape evidence also lacks merit. The denial of a motion for the appointment of an expert witness is reviewed for an abuse of discretion. *See Ledford v. Sullivan*, 105 F.3d 354, 358 (7th Cir.1997). Fed.R.Evid. 706 provides that the district court may appoint expert witnesses. Here, there simply is no evidence of record that supports plaintiff's contention that the videotape evidence at issue was altered or that it differs in any material way from a copy of the videotape in plaintiff's family's possession. On the contrary, the magistrate judge examined all of the videotape evidence prior to trial and concluded that "there is nothing to suggest that plaintiff's copy of the videotape has been altered or edited in any way." Plaintiff's copy of the videotape evidence was returned to plaintiff's family and is not before this court on appeal. Other than plaintiff's self-serving contentions to the contrary, the record is devoid of any support for his claim. Under these circumstances, we cannot conclude that the district court abused its discretion in failing to appoint an expert witness to examine the videotapes.

For the foregoing reasons, the motion for counsel is denied, and the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.